# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID. No. 12909005937 |
| | ) | |
| FREDDIE FLONNORY. | ) | |

Date Decided: September 1, 2015

## ORDER

Upon Remand from the Supreme Court for Findings on the Issue of Consent.

Patrick J. Collins, Esquire, and Albert J. Roop, Esquire, 716 North Tatnall Street, Wilmington, Delaware 19801. Attorneys for Defendant.

Karen V. Sullivan, Esquire, Department of Justice, Wilmington, Delaware 19801. Attorney for the State.

**Scott, J.**

On January 28, 2015, the Delaware Supreme Court remanded this matter to the Superior Court to address the issue of whether Defendant Freddie Flonnory ("Flonnory") voluntarily consented to the blood draw, under the totality of the circumstances. The facts have previously been recited by the Superior Court and the Supreme Court. As such, the Court addresses only this issue on remand. Below are the Court's findings on the issue of consent for the blood draw.

## Discussion

A blood draw is of such an intrusion into the human body that it requires a search warrant in the absence of exigent circumstances or consent.[1] In order to determine whether consent was given voluntarily, courts must examine the totality of the circumstances surrounding the consent, including:

> (1) defendant's knowledge of the constitutional right to refuse consent; (2) defendant's age, intelligence, education, and language ability; (3) the degree to which the individual cooperates with police; and (4) the length of detention and the nature of questioning, including the use of physical punishment or other coercive police behavior.[2]

Applied to this case, the totality of the circumstances establishes that Flonnory voluntarily consented to the blood draw. The facts indicate that Flonnory was generally cooperative with police during the stop and through the arrest. For example, Flonnory consented to taking a Portable Breath Test ("PBT"), despite

---

[1] *Missouri v. McNeely*, 133 S.Ct. 1552 (2013); *Schmerber v. California*, 384 U.S. 757, 769 (1966).
[2] *Flonnory v. State*, 109 A.3d 1060, 1064 (Del. 2015) (citing *McNeely*, 133 S.Ct. at 1558).

being informed of his right to refuse to take "any test." He also volunteered that the police could search his car, his trunk, his pockets and his phone.

After Flonnory was arrested for suspicion of DUI, he was transported to the police station where he was advised that a phlebotomist was going to conduct a blood draw. Instead of refusing or challenging the blood draw, Defendant stated "that's a good vein, don't miss it" as the phlebotomist prepared to do the blood draw. Moreover, as Flonnory had two prior DUI arrests, he "was not an ignorant newcomer to the law."[3] There is also no indication that the blood sample was obtained through unreasonable means or through the use of force. Nor has any argument been made that Flonnory's age, intelligence or education precluded his voluntary consent.

Finally, his merely being in custody at the police station did not cause Flonnory to acquiesce to a claim of lawful authority. Neither the arresting officer nor the phlebotomist represented that they had authority to draw Flonnory's blood without his consent. While the arresting officer's subjective belief may have been that Flonnory did not have the right to refuse the blood draw, there are no facts that indicate that belief was ever communicated to Flonnory. To the contrary, the arresting officer informed Flonnory that he had the right to refuse to take "any

---

[3] *See Higgins v. State*, 2014 WL 1323387 (Del. Apr. 1, 2014).

3

test."  Given the totality of the circumstances, Flonnory voluntarily consented to the blood draw.

## **Conclusion**

Therefore, the Court finds that, under the totality of the circumstances, Flonnory voluntary consented to the blood draw.   The Motion to Suppress is **DENIED**.

 **IT IS SO ORDERED.**


*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**


oc:  Prothonotary
cc:  Clerk of the Supreme Court of Delaware